[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #106
This matter is before the court on the defendants' motion to strike the plaintiff's one count complaint.
On June 13, 1995, the plaintiff, Eric Speiser, filed a one count revised complaint against the defendants, Kenneth Percell and Richard Schif. The complaint sets forth the following allegations:
The defendants own property located at 379 Jackson Avenue, Stratford, Connecticut. The defendants "negligently and carelessly caused the shrubs and grass to become so overgrown that the Town of Stratford Health Department had come and issued a warning for health and safety violations." (Paragraph 4.) An agent of the defendants authorized the plaintiff to remove the overgrowth. In the process of removing the growth, the plaintiff severed his left thumb.
On June 19, 1995, the defendants filed a motion to strike the complaint on the ground that it fails to allege "a factual basis in order to find legal causation." The defendants also filed a memorandum in support. On July 14, 1995, the plaintiff filed a memorandum in opposition to the motion.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the [non-moving party]." (Internal quotation marks omitted.) Novametrix Medical Systems, Inc. v. BOC Group,Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). "The allegations of the pleading are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail."Mingachos v. CBS, Inc., 196 Conn. 91, 108-09, 491 A.2d 368
(1985).
"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and CT Page 13997 actual injury." RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381,384, 650 A.2d 153 (1994).
"In order for legal causation to exist, actual cause or cause in fact, as well as proximate cause, must be present . . . . Actual cause requires allegations that state that the particular injury would not have occurred in the precise way that it did occur without the defendant's conduct. Proximate cause, on the other hand, `is defined as an actual cause that is a substantial factor in the resulting harm . . . . The fundamental inquiry in the substantial factor test is whether the harm which occurred was of the same general nature as the foreseeable risk created by the defendant's negligence . . . . The determination of proximate cause is ordinarily a question of fact for the trier; it becomes a question of law only when the mind of a fair and reasonable person could reach only one conclusion . . . . The question should be submitted to the trier of fact if there is room for a reasonable disagreement.'" (Citation omitted; internal quotation marks omitted.) Hall v. Winfrey, 27 Conn. App. 154, 158,604 A.2d 1334, cert. denied, 222 Conn. 904, 606 A.2d 1327 (1992) (affirming denial of motion for directed verdict and motion to set aside a verdict).
The issue of whether the defendants' conduct caused the plaintiff's injury is a question of fact reserved for the trier of fact. For the purposes of this motion to strike, the allegations in the complaint must be construed in favor of the plaintiff. In doing so, the court should not and does not reach a final determination that there is no room for reasonable disagreement. The court will not interfere with the jury's province of resolving that disagreement. Accordingly, the motion to strike is denied.
THE COURT
MAIOCCO, J. CT Page 13998